IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DAVID STEARNS,

    Plaintiff,

v.

WAL-MART STORES, INC.,

    Defendant.

CASE NO. 8:13-cv-329

**DEFENDANT WAL-MART STORES, INC.'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§1441 and 1446, Defendant Wal-Mart Stores, Inc. ("Walmart"), hereby gives notice of its removal of the within action from the District Court of Madison County, Nebraska to the United States District Court for the District of Nebraska. As grounds therefore, Defendant states as follows:

1. On October 3, 2013, Plaintiff David Stearns (hereinafter "Plaintiff") commenced a civil action against Defendant Walmart in the District Court of Madison County, Nebraska, where it was docketed as Case No. CI 13-406. A copy of the Summons and Complaint, which were received by Defendant on October 8, 2013, are attached hereto as Exhibit A. No other pleadings or orders have been filed or properly served in this action.

2. This case is a civil action subject to removal to this Court on the basis of diversity jurisdiction and federal question jurisdiction.

3. This Notice of Removal has been filed within thirty (30) days of when Defendant was served with the Complaint, and is therefore timely filed under 28 U.S.C. §1446(b).

### *Federal Question Jurisdiction*

4. To establish federal question jurisdiction for removal purposes, the civil action must be "founded on a claim or right arising under the Constitution, treaties or laws of the United States … without regard to the citizenship or residence of the parties." 28 U.S.C. §1441(b). Furthermore, if a separate or independent claim establishing federal question jurisdiction "is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates." 28 U.S.C. §1442(c).

5. In Counts Two, Four and Six of Plaintiff's Complaint, he alleges violations of the Americans with Disabilities Act Amendments Act; 42 U.S.C. §12112(b)(1), (3), (5) and (6). Accordingly, Plaintiff's Complaint raises a federal question over which this Court has original subject matter jurisdiction pursuant to 28 U.S.C. §1331.

6. Furthermore, supplemental jurisdiction over Plaintiff's remaining state law claims for disability discrimination (Counts One, Three, and Five) is proper because such claims are so related to Plaintiff's federal claims that it is part of the same case or controversy under Article III of the United States Constitution (as all claims are based on Plaintiff's employment and termination) and because no state law issue predominates. 28 U.S.C. §1441(c); 28 U.S.C. §1367.

7. For these reasons, this Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1132(e). As an action of a civil nature founded on a claim or right arising under the laws of the United States, this action may be removed to this Court pursuant to the provisions of 28 U.S.C. §§1441(a) and (b).

### *Diversity Jurisdiction*

8. This Court also has subject matter jurisdiction in this case based upon diversity jurisdiction. 28 U.S.C. §1332. Diversity jurisdiction exists in a civil matter where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the dispute is between citizens of different states. Both of the requirements for subject matter jurisdiction based on diversity are met in this case.

9. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. Specifically, Plaintiff seeks the following relief back pay and benefits, plus interest, front pay, compensatory damages, punitive damages, and attorneys' fees, including litigation expenses and costs. (Complaint p. 15). Taking Plaintiff's compensatory claims together with his request for punitive damages and attorney's fees, he is seeking an amount in excess of $75,000.00. Thus, Defendant has met its burden of demonstrating that it is "more likely than not" that the amount in controversy at the time of removal exceeds the jurisdictional limit.

10. Complete diversity of citizenship between Plaintiff and Defendant exists. Specifically, at the time Plaintiff's Complaint was filed and at the time of removal, Plaintiff was a citizen of the state of Nebraska. (Complaint, ¶1) Further, Defendant Wal-Mart Stores, Inc., is a Delaware corporation. As a result, there is complete diversity of citizenship between Plaintiff and Defendant so as to vest removal jurisdiction in this Court.

11. A copy of this Notice of Removal, with accompanying exhibits, and a Notice to State Court of Removal, attached hereto as Exhibit B, are being served upon Plaintiff's counsel and will be filed with the Clerk of the District Court of Madison County,

Nebraska promptly after the filing of this Notice of Removal with this Court, in accordance with the provisions of 28 U.S.C. §1446(d).

12.   This Notice of Removal has been signed by Christopher R. Hedican, counsel for Defendant, pursuant to 28 U.S.C. §1446(a) and with respect to Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant respectfully requests that the action now pending in the District Court of Madison County, Nebraska, be removed to this Court in accordance with the foregoing statutory provisions.

Dated this 7th day of November, 2013.

WAL-MART STORES, INC., Defendant,

By:  /s/ Christopher R. Hedican
       Christopher R. Hedican (NE #19744)
of    BAIRD HOLM LLP
       1700 Farnam St. Ste. 1500
       Omaha, NE  68102-2068
       Phone: 402-344-0500
       Facsimile:  402-344-0588
       chedican@bairdholm.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 7th day of November, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

  Kathleen M. Neary

And I hereby do certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

  Richard E. Fradette
  BEUVEAU, FRADETTE &
  GALLANT, P.A.
  91 Bay Street
  P.O. Box 3150
  Manchester, NH 03105-3150


            /s/ Christopher R. Hedican

DOCS/1221397.1