IN THE DISTRICT COURT OF MADISON COUNTY, NEBRASKA

| | |
|---|---|
| DAVID STEARNS, R.Ph.<br>    Plaintiff<br><br>v.<br><br>WAL-MART STORES, INC.,<br>    Defendant | 13-406 K<br><br>COMPLAINT,<br>DEMAND FOR JURY and<br>PRAECIPE<br><br>FILED<br>10:43 A.M. _____ P.M.<br><br>OCT 03 2013<br><br>IN DISTRICT COURT OF<br>MADISON COUNTY, NEBR.<br>MARJORIE SCHAFFER, CLERK |

Plaintiff, David Stearns, appears and alleges as follows:

### PARTIES AND JURISDICTION

1. At all relevant times, Plaintiff David Stearns ("Mr. Stearns") had his permanent residence in the City of Norfolk, County of Madison, State of Nebraska.

2. At all relevant times, Defendant Wal-Mart Stores, Inc. ("Wal-Mart") was a foreign corporation doing business in the State of Nebraska, with corporate headquarters located at 702 SW 8th Street, Bentonville, Arkansas, 72716.

3. At all relevant times, Mr. Stearns was employed by Wal-Mart as a pharmacist, at various locations in the State of Nebraska. On the date of his termination, Mr. Stearns was employed at the Defendant's Norfolk, Nebraska store.

4. Pursuant to Neb. Rev. Stat. 48-1119(4), this Court has original jurisdiction for the claims arising under the Nebraska Fair Employment Practices Act and concurrent jurisdiction under the claims arising under federal law.

5. Venue with the District Court of Madison County, Nebraska is proper as Mr. Stearns was employed at the Defendant's Norfolk, Nebraska store at the time of his termination and he was a resident of Norfolk, Nebraska at all times alleged herein.

1



EXHIBIT A

## FACTUAL BACKGROUND

6. Mr. Stearns received his Doctor of Pharmacy degree from the University of Nebraska Medical Center, College of Pharmacy in 1983. Mr. Stearns was licensed to practice pharmacy in 1983 in the State of Nebraska, holding license no. 9679.

7. Mr. Stearns was diagnosed with and suffers from a serious and disabling medical condition, addiction. Addiction is recognized as a serious health condition by the medical profession (substance abuse disorder), and is a recognized disability under state and federal laws, pursuant to Neb. Rev. Stat. § 48-1101 et.seq. and 42 U.S.C. § 12114(b), § 12210(b). Addiction is a permanent condition that, when not in remission or recovery, substantially limits an individual's ability to work, care for himself, socialize, learn, and many other major life activities. As with other chronic medical conditions, treatment will keep the condition in remission, but there is no permanent cure.

8. In July 1999, Mr. Stearns owned his own pharmacy, unrelated to defendant Wal-Mart. At that time, his license to practice pharmacy was suspended due to conduct related to addiction. Mr. Stearns voluntarily cooperated with the State of Nebraska, Department of Health and Human Services Regulation and Licensure and stopped practicing pharmacy.

9. In September of 1999, Mr. Stearns voluntarily entered into an agreed settlement with the Department of Health and Human Services Regulation and Licensure of the State of Nebraska (Board of Pharmacy) whereby his license to practice pharmacy was suspended for a period of 18 months. Furthermore, Mr. Stearns agreed that prior to his reinstatement to the practice of pharmacy, he would demonstrate that

his medical disability of addiction was in remission. Then his license to practice pharmacy would be reinstated on a probationary basis for a period of five years. The terms of probation during that five year period are extensive and include ongoing treatment for his disabling medical condition of addiction.

10.   In December of 2006, Mr. Stearns was hired by defendant Wal-Mart to work as a full time pharmacist at various Wal-Mart locations in Nebraska. At the time of hire, Mr. Stearns disclosed to Wal-Mart his history of addiction, the details of his prior addiction related conduct, the Board of Pharmacy probationary license, and the terms of his treatment plan in order for him to have his license to practice pharmacy reinstated. Furthermore, Mr. Stearns informed Wal-Mart of the fact that in June of 2006, the Credentialing Division of the Nebraska Health and Human Services system, Regulation and Licensure Division, had determined that he completed all terms and conditions of his probationary license and that his probation was completed. Mr. Stearns answered all questions asked of him by Wal-Mart representatives during the hiring and credentialing process prior to his accepting the position of pharmacist employed by Wal-Mart in December 2006. Finally, all of the information regarding Mr. Stearns' addiction related conduct and probationary license is a matter of public record and was readily retrievable at any time.

11.   At no time during his employment with Wal-Mart did Mr. Stearns arrive to work impaired or become impaired on the job, fail a drug test, or in any other way fail to perform the essential functions of his job as a pharmacist in a satisfactory manner.

At all times alleged herein (or: since September 1999), Mr. Stearns' disability, to-wit: his addiction was in remission.

12. During the entirety of his employment with Wal-Mart, Mr. Stearns received no discipline of any kind, received regular raises, and was entrusted with management responsibilities.

13. Mr. Stearns' performance evaluations consistently rated him as a "Solid Performer" or "Exceeds Expectations," throughout his employment with Wal-Mart. Mr. Stearns' performance evaluation in April of 2011 rated him as "Exceeds Expectations" in three categories, including his professional judgment, personal leadership, and ethics and compliance demonstrating ethical performance and enforcement of compliance with policies and procedures.

14. Mr. Stearns' mid-year performance evaluation dated September 26, 2011, just one month prior to his wrongful termination, reveals that Mr. Stearns was a role model in one category, exceeded expectations in three categories, and was a solid performer in all but one remaining categories. Mr. Stearns' associate history profile documents his overall strengths as follows: "Dave is a very knowledgeable pharmacist and works well with the entire pharmacy staff."

15. On October 26, 2011, approximately five years after he commenced employment with the defendant and approximately one month after the Defendant referred to Mr. Stearns as a "role model," Mr. Stearns was terminated allegedly for "inability to perform job." During the termination meeting, Mr. Stearns was told that he had done nothing wrong and there were no complaints lodged against him; rather, his

termination was due to fact that regulatory affairs and credentialing had determined he was ineligible to work at Wal-Mart due to past license information. The only "license information" that Wal-Mart could have been referring to is related to Mr. Stearns' disability and conduct while actively addicted/impaired.

16. Wal-Mart's stated reason for termination is a pretext for the actual reason for termination, since Mr. Stearns had no performance problems, he was able to perform the job of a pharmacist and did so right up to the moment of his termination, and there were no problems with his professional credentials – he held a valid and unrestricted license to practice pharmacy in Nebraska.

17. Upon information and belief, Wal-Mart terminated Mr. Stearns' employment due to a new policy that classified as ineligible for employment with Wal-Mart all pharmacists who had in the past received any Board of Pharmacy licensure action related to the disability/impairment of addiction, history of addiction, or record of addiction/rehabilitation.[1] Upon information and belief, this policy is not limited to current license suspension, current use of illegal drugs, being under the influence on the job at Wal-Mart, failed drug tests during employment with Wal-Mart, addiction-related misconduct during employment with Wal-Mart, or any other exception permitted by Neb. Rev. Stat. §48-1102, 42 U.S.C. § 12114(a), 42 U.S.C. § 12114(c), 42 U.S.C. § 12210(a) or 42 U.S.C. § 12210(c).

---

[1] As used in this Complaint, the term "impairment" is defined as a substantial limitation to one or more major life activities related to addiction and/or participation in a supervised rehabilitation program, a record of such impairment, or being regarded as having such an impairment. Neb. Rev. Stat. §48-1102 and 42 U.S.C. § 12102, § 12114(b), § 12210(b).

5

18. Upon information and belief, the new policy does not outline "essential functions" of the position Mr. Stearns held with Wal-Mart, as that phrase is defined in state or federal law. In any event, Wal-Mart did not discuss the new standards with Mr. Stearns or otherwise evaluate whether an adjustment to the new policy or other potential reasonable accommodation was possible, without undue hardship to the company.

19. To date, Wal-Mart has refused to produce a copy of the policy, and has refused to produce a complete copy of Mr. Stearns' personnel file, which should include a copy of the policy under which his employment was terminated.

20. Successfully completing the five year probationary period and the treatment plan outlined in his agreement with the Department of Health and Human Services Regulation and Licensure for the State of Nebraska, was a personal triumph for Mr. Stearns. Termination of Mr. Stearns' employment because of his medical condition and history of treatment was devastating, and resulted in depression, physical symptoms and created an obstacle to other employment. In addition to the emotional distress, humiliation and inconvenience suffered by Mr. Stearns as a result of the discriminatory termination, he has been unable to obtain full time employment with a single employer, comparable to the position he held at Wal-Mart. Mr. Stearns has mitigated his damages by obtaining employment at various pharmacies throughout his geographic area in Nebraska, however, his employment is on a week-to-week basis and unreliable. Furthermore, Mr. Stearns does not enjoy the benefits he had as a pharmacist employed with Wal-Mart. Mr. Stearns has suffered and will continue to

suffer significant emotional distress, humiliation, lost wages, lost security, lost seniority, lost benefits and other economic losses.

21. At all times alleged herein, Wal-Mart's employees were acting in the scope and course of their employment with the defendant. The Defendant was aware of their obligations under state and federal law; their conduct was willful or was done in reckless disregard of the Plaintiff's statutorily protected rights.

22. Mr. Stearns timely filed a Charge of Discrimination with the Nebraska Equal Opportunity Commission on August 6, 2012 and an Amended Charge of Discrimination on September 24, 2012, which charges were also filed with the Equal Employment Opportunity Commission, charge no. 32E-2012-00587.

23. Mr. Stearns received Right to Sue Notices from the EEOC and NEOC on July 25, 2013 and August 27, 2013, respectively, the instant action is timely.

### FIRST CLAIM FOR RELIEF
### (Disability Discrimination/Disparate Treatment
### Neb. Rev. Stat. §48-1101 et.seq.)

24. Mr. Stearns re-alleges as though fully set forth below the allegations in paragraphs 1 through 23.

25. At all relevant times, Mr. Stearns was a qualified person with a disability/impairment as that term is defined by the Nebraska Fair Employment Practices Act in that he had a diagnosed medical condition that substantially limited one or more major life activities and/or he had a record of such an impairment and/or he was regarded as having such an impairment. At all times alleged, Mr. Stearns was able to perform the essential functions of his job.

26. At all relevant times, Wal-Mart was aware of Mr. Stearns' disability/impairment, and/or considered Mr. Stearns to be a person with a disability because of his history of addiction/impairment and need for ongoing treatment for that disability.

27. Wal-Mart singled out Mr. Stearns and treated him differently than other employees with comparable skills and performance history, due to his disability/impairment and/or implemented a qualification standard or criteria that screened out or tended to screen out qualified individuals with a disability/impairment in violation of the Nebraska Fair Employment Practices Act. A motivating factor in the Defendant's decision to terminate Mr. Stearns was his disability/impairment as that termed is defined under state law.

28. As outlined herein, Mr. Stearns suffered emotional distress and humiliation and incurred lost wages and other losses due to the unlawful termination of his employment. Mr. Stearns will continue to sustain compensatory damages and incur additional lost wages and the value of job related benefits into the future.

29. Mr. Stearns is entitled to his reasonable costs in bringing this claim, including attorney fees, as authorized under both state and federal law.

**SECOND CLAIM FOR RELIEF**
**(Disability Discrimination/Disparate Treatment – 42 U.S.C. § 12112(b)(1) and 42 U.S.C. § 12112(b)(6))**

30. Mr. Stearns re-alleges as though fully set forth below the allegations in paragraphs 1 through 23.

31. At all relevant times, Mr. Stearns was a qualified person with a disability/impairment as that term is defined by the Americans With Disabilities Act Amendments Act ("ADAAA") in that he had a diagnosed medical condition that substantially limited one or more major life activities and/or he had a record of such an impairment and/or he was regarded as having such an impairment. At all times alleged, Mr. Stearns was able to perform the essential functions of his job.

32. At all relevant times, Wal-Mart was aware of Mr. Stearns' disability/impairment, and/or considered Mr. Stearns to be a person with a disability because of his history of addiction/impairment and need for ongoing treatment for that disability.

33. Wal-Mart singled out Mr. Stearns and treated him differently than other employees with comparable skills and performance history, due to his disability/impairment and/or implemented a qualification standard or criteria that screened out or tended to screen out qualified individuals with a disability/impairment in violation of the ADAAA. A motivating factor in the Defendant's decision to terminate Mr. Stearns was his disability/impairment as that term is defined under federal law.

34. As outlined herein, Mr. Stearns suffered emotional distress and humiliation and has incurred lost wages and other losses due to the unlawful termination of his employment. Mr. Stearns will continue to sustain compensatory damages and incur additional lost wages and the value of job related benefits into the future.

35. Wal-Mart intentionally engaged in a discriminatory practice or practices with malice or with reckless indifference to Mr. Stearns' federally protected rights. As a

result of such intentional conduct, Mr. Stearns is entitled to punitive damages against Wal-Mart under federal law, in an amount sufficient to punish Wal-Mart and deter others from like conduct.

36.     Mr. Stearns is entitled to his reasonable costs in bringing this claim, including attorney fees, as authorized under both state and federal law.

### THIRD CLAIM FOR RELIEF
### (Disability Discrimination/Disparate Impact –
### Neb. Rev. Stat. §48-1007.02(3))

37.     Mr. Stearns re-alleges as though fully set forth below the allegations in paragraphs 1 through 23.

38.     At all relevant times, Mr. Stearns was a qualified person with a disability/impairment as that term is defined by the Nebraska Fair Employment Practices Act. Mr. Stearns was able to perform and did perform the essential functions of the job satisfactorily.

39.     By terminating individuals, including Mr. Stearns, due to past Board of Pharmacy disciplinary action related to addiction/impairment, Wal-Mart violated the Nebraska Fair Employment Practices Act by utilizing standards, criteria, or methods of administration that, while facially neutral, had an adverse effect on individuals disabled by reason of addiction/impairment and/or by reason of participation in a supervised rehabilitation program.

40.     As outlined herein, Mr. Stearns suffered emotional distress and humiliation and has incurred lost wages and other economic losses due to the unlawful termination

of his employment. Mr. Stearns will continue to sustain compensatory damages and incur lost wages and the value of job related benefits into the future.

41.    Mr. Stearns is entitled to his reasonable costs in bringing this claim, including attorney fees, as authorized by state and federal law.

## FOURTH CLAIM FOR RELIEF
### (Disability Discrimination/Disparate Impact - 42 U.S.C. § 12112 (b)(3)(A))

42.    Mr. Stearns re-alleges as though fully set forth below the allegations in paragraphs 1 through 23.

43.    At all relevant times, Mr. Stearns was a qualified person with a disability/impairment as that term is defined by the ADAAA. Mr. Stearns was able to perform and did perform the essential functions of the job satisfactorily.

44.    By terminating individuals, including Mr. Stearns, due to past Board of Pharmacy disciplinary action related to addiction/impairment, Wal-Mart violated the ADAAA by utilizing standards, criteria, or methods of administration that, while facially neutral, had an adverse effect on individuals disabled by reason of addiction/impairment and/or by reason of participation in a supervised rehabilitation program.

45.    As outlined herein, Mr. Stearns suffered emotional distress, humiliation, inconvenience and has incurred lost wages and other economic losses due to the unlawful termination of his employment. Mr. Stearns will continue to sustain compensatory damages and incur additional lost wages and the value of job related benefits into the future.

46. In terminating individuals, including Mr. Stearns, due to a history of addiction/impairment and/or participation in a supervised rehabilitation program, Wal-Mart intentionally engaged in a discriminatory practice or practices with malice or with reckless indifference to Mr. Stearns' federally protected rights. As a result of such intentional conduct, Mr. Stearns is entitled to punitive damages against Wal-Mart, in an amount sufficient to punish Wal-Mart and deter others from like conduct, pursuant to federal law.

47. Mr. Stearns is entitled to his reasonable costs in bringing this claim, including attorney fees, as authorized by state and federal law.

### FIFTH CLAIM FOR RELIEF
### (Disability Discrimination - Failure to Provide Reasonable Accommodation Neb. Rev. Stat. §48-1101 et.seq)

48. Mr. Stearns re-alleges as though fully set forth below the allegations in paragraphs 1 through 23.

49. At all relevant times, Mr. Stearns was a qualified person with a disability/impairment as that term is defined by the Nebraska Fair Employment Practices Act, in that he had a diagnosed medical condition that substantially limited one or more major life activities, and he was able to perform and did perform the essential functions of the job of pharmacist satisfactorily.

50. Wal-Mart was aware of Mr. Stearns' disability/impairment, and failed to accommodate or engage in an interactive discussion about whether accommodation could be made to enable Mr. Stearns to remain employed with Wal-Mart notwithstanding the newly adopted policy. In terminating Mr. Stearns pursuant to the

new policy described herein, Wal-Mart failed to provide reasonable accommodation or engage in the interactive process relative to Mr. Stearns' disability/impairment, in violation of the Nebraska Fair Employment Practices Act.

51. At the time of termination, Wal-Mart did not engage in an interactive process with Mr. Stearns or otherwise evaluate whether Wal-Mart could reasonably accommodate Mr. Stearns' disability/impairment without undue hardship to the company, by making allowances for or adjustments to the new policy described herein.

52. Nothing in this Claim for Relief is intended to or does waive Mr. Stearns' right to assert that the standards and criteria required by the new policy described herein do not qualify as "essential functions" of the position Mr. Stearns held with Wal-Mart, as that phrase is defined by applicable law.

53. As outlined herein, Mr. Stearns suffered emotional distress and humiliation and lost wages and other economic losses due to the unlawful termination of employment. Mr. Stearns will continue to suffer compensatory damages and incur additional lost wages and the value of job related benefits into the future.

54. Mr. Stearns is entitled to his reasonable costs in bringing this claim, including attorney fees, in accordance with federal and state law.

### SIXTH CLAIM FOR RELIEF
**(Disability Discrimination - Failure to Provide Reasonable Accommodation 42 U.S.C. §12112(b)(5))**

55. Mr. Stearns re-alleges as though fully set forth below the allegations in paragraphs 1 through 23.

56. At all relevant times, Mr. Stearns was a qualified person with a disability/impairment as that term is defined by the ADAAA. Mr. Stearns was able to perform and did perform the essential functions of the job of pharmacist satisfactorily.

57. Wal-Mart was aware of Mr. Stearns' disability/impairment, and failed to accommodate or engage in an interactive discussion about whether accommodation could be made to enable Mr. Stearns to remain employed with Wal-Mart notwithstanding the newly adopted policy. In terminating Mr. Stearns pursuant to the new policy described herein, Wal-Mart failed to provide reasonable accommodation or engage in the interactive process relative to Mr. Stearns' disability/impairment, in violation of the ADAAA.

58. At the time of termination, Wal-Mart did not engage in an interactive process with Mr. Stearns or otherwise evaluate whether Wal-Mart could reasonably accommodate Mr. Stearns' disability/impairment without undue hardship to the company, by making allowances for or adjustments to the new policy described herein.

59. Nothing in this Claim for Relief is intended to or does waive Mr. Stearns' right to assert that the standards and criteria required by the new policy described herein do not qualify as "essential functions" of the position Mr. Stearns held with Wal-Mart, as that phrase is defined by applicable law.

60. As outlined herein, Mr. Stearns suffered emotional distress, humiliation, inconvenience and lost wages and other economic losses due to the unlawful termination of employment. Mr. Stearns will continue to suffer compensatory damages and incur additional lost wages and the value of job related benefits into the future.

61. In failing to engage in the interactive process and failing to reasonably accommodate Mr. Stearns' disability, Wal-Mart intentionally engaged in a discriminatory practice or practices with malice or with reckless indifference to Mr. Stearns' statutorily protected rights. As a result of such intentional conduct, Mr. Stearns is entitled to punitive damages against Wal-Mart, in an amount sufficient to punish Wal-Mart and deter others from like conduct, pursuant to federal law.

62. Mr. Stearns is entitled to his reasonable costs in bringing this claim, including attorney fees, in accordance with federal and state law.

WHEREFORE, plaintiff David Stearns prays for relief as follows:

A. An award of lost wages, interest thereon and all job related benefits incurred from the date of his termination through the date of trial as to be determined by the jury;

B. To be reinstated to his previously held position or, in the alternative, to be awarded front pay and the value of future lost job related benefits to which he is entitled as to be determined by the Court;

C. For compensatory damages to be determined by the jury;

D. For punitive damages arising under the federal claims, in an amount sufficient to punish defendant and deter others from similar conduct as to be determined by the jury;

E. For plaintiff's reasonable costs incurred in bringing these claims, including attorney fees, pursuant to federal and state law.

Respectfully submitted,
David Stearns, R.Ph., Plaintiff
By and through his attorneys,
VINCENT M. POWERS & ASSOCIATES

Dated: October 1st, 2013

By: _____
Kathleen Neary, NSBA 20212
Vincent M. Powers & Associates
411 S. 13th Street, Suite 300
Lincoln, NE 68508
(402) 474-8000

and

Richard E. Fradette, Esquire (Bar No. 844)
BELIVEAU, FRADETTE & GALLANT, P.A.
91 Bay Street, P.O. Box 3150
Manchester, NH 03105-3150
(603) 623-1234

## JURY DEMAND

Plaintiff respectfully requests this matter to be tried before a jury of his peers in the District Court of Madison County, Nebraska.

## PRAECIPE

TO THE CLERK OF THE DISTRICT COURT OF MADISON COUNTY, NEBRASKA:

Please issue summons for service upon the defendant, via certified mail, return receipt returned.

Registered agent and address for Wal-Mart Stores, Inc.:

CT Corporation System
6003 Old Cheney Road, Suite 300
Lincoln, NE 68516

Please return summons to the undersigned for service after summons is issued.

_____
Kathleen M. Neary   20212