# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **DAVID STEARNS,** ) | |
| ) | Case No. 8:13-cv-00329-LSC-FG3 |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **STIPULATED PROTECTIVE ORDER** |
| **WAL-MART STORES, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

The parties believe that certain documents and information have been and may be sought, produced, or exhibited by and between the parties in this proceeding (the "Proceeding") and that some of these documents relate to the parties' and non-parties' financial information, competitive information, or other types of sensitive information which the party making the production deems confidential.

1.  This Order shall be entered pursuant to the Federal Rules of Civil Procedure and the Local Rules of the United States District Court, District of Nebraska.

2.  This Order shall govern all documents, the information contained therein, and all other information produced or disclosed during the Proceeding whether revealed in a document, deposition, other testimony, discovery response or otherwise, by any party, including any non-party, in this proceeding (the "Supplying Party") to any other party, including any non-party, (the "Receiving Party"), when the same is designated with the procedures set forth herein. This Order is binding upon the parties to the Proceeding, including their respective corporate parents, subsidiaries, and affiliates, as well as their respective attorneys, agents, representatives, officers, and employees, and others as set forth in this Order. This Order is also binding on and applies to all non-parties who either produce or receive documents or information in connection with this Proceeding.

3.      Under this Order, any Supplying Party shall have the right to identify and designate as "Confidential" any document or other information it produces or provides, or any testimony given in this Proceeding, which testimony or discovery material is believed in good faith by that Supplying Party, and by the Supplying Party's counsel, to constitute, reflect, or disclose trade secrets or other confidential research, development, or commercial information contemplated under the Federal Rules of Civil Procedure.

4.      "Confidential Information" as used herein means any Designated Material that is designated pursuant to this Protective Order as "Confidential" by the Supplying Party, whether it is a document, information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory answer, or information otherwise revealed.

5.      A party may designate as "Confidential" information in the possession of and supplied by a non-party if the information was transmitted to the non-party under an agreement or an obligation that it would remain confidential and the information otherwise complies with Paragraph 4.

6.      All information produced in this action, whether deemed Confidential or not, shall be used for purposes of this litigation and not for any other purpose.

7.      Documents or information may be designated "Confidential" within the meaning of this Order in the following ways:

    a.      Specific documents produced by the Supplying Party shall, if appropriate, be designated "Confidential" by marking the first page of the document and each subsequent page thereof containing Confidential Information with the legend:  "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

b.	In the case of interrogatory answers and responses to requests for admissions, if appropriate, designation of Confidential Information shall be made by means of a statement in the answers or responses specifying that the answers or responses or specific parts thereof are designated "Confidential."  The following legend shall be placed on each page of interrogatory answers or responses to requests for admission containing Confidential Information:  "CONTAINS CONFIDENTIAL INFORMATION."

c.	In the case of depositions and the information contained in depositions (including exhibits), designation of the portions of the transcript (including exhibits) which contain Confidential Information shall be made by a statement to such effect on the record in the course of the deposition by counsel for the party or witness providing such information, or by letter from such counsel within thirty (30) days of receipt of the deposition transcript or copy thereof (or written notification that the transcript is available).  The entire deposition transcript (including exhibits) shall be treated as Confidential under this Order until the expiration of the above referenced thirty-day period for designation by letter, except that the deponent may review the transcript of his or her own depositions during this thirty-day period.  After the expiration of the thirty (30) day period, the following legend shall be conspicuously placed on the front and back of any original deposition transcript, and on each copy thereof, which contains Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION."  If portions of a videotaped deposition are designated as "Confidential", the videocassette or other videotape container shall be labeled with the same legend provided in Paragraph 7(a) above.

d.	To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files, databases, or programs stored on any digital or

3

analog machine readable device, computers, discs, networks, or tapes) ("Computerized Material") is produced by any party in such form, the Supplying Party may designate such material as "Confidential" by cover letter referring generally to such matter or by affixing to such media a label with the legend provided for in Paragraph 7(a) above. Whenever any party to whom Computerized Material designated as "Confidential" is produced reduces such material to hard-copy form, such party shall mark such hard-copy form with the legend provided for in Paragraph 7(a) above.

e. To the extent that any party or counsel for any party creates, develops, or otherwise establishes on any digital, or analog machine-readable device, recording media, computer, disc, network, tape, file, database, or program designated "Confidential," that party and/or its counsel must take all necessary steps to ensure that access to such media is properly restricted to those persons who, by terms of this Order, may have access to Confidential Information, and will affix to any media containing such information a label with the legend provided for in Paragraph 7(a) above.

f. Whenever a party wishes to file any writing designated as confidential with the Court, the party may either (1) redact any and all information contained on any page that is marked "Confidential" before filing said document with the Court, (2) if the party wishing to file said writing is the party that originally designated the document as confidential that party may, at their discretion, redact only that information that it deems confidential from any page that is marked "Confidential" before filing with the Court, or (3) separately file the document under seal with the Court.

8. Confidential Information shall **not** be used by any person, other than the Supplying Party, for any purpose other than conducting this Proceeding, (Stearns v. Wal-Mart

Stores, Inc.), which case is pending in the United States District Court for the District of Nebraska, and in no event shall such information be used for any business, competitive, personal, private, public or other purpose.

9. The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control access to, and distribution of information designated "Confidential" pursuant to this Order.

10. Except as otherwise ordered by the Court, access to information designated "Confidential" shall be limited to the following persons:

> a. The parties, including outside and in-house counsel for the parties, as well as members and employees of their firms including, but not limited to their paralegals, investigative, secretarial, and clerical personnel who are employed by and engaged in assisting such counsel in this Proceeding.
>
> b. Outside photocopying, data processing, or graphical production services employed by the parties or their counsel to assist in this Proceeding.
>
> c. Any outside expert or consultant (or any employee of such outside expert or consultant) who is retained, or sought to be retained, by counsel for a party in this Proceeding, for purposes of consulting, and/or testifying in this Proceeding, and to whom counsel in good faith has deemed disclosure of such "Confidential" material is reasonably necessary in order to assist in the preparation or the conduct of this Proceeding. This paragraph shall not relieve, change or otherwise affect any obligations or limitations imposed on any person by contract or law regarding disclosure or use of trade secrets or other confidential or propriety information.
>
> d. Any fact witness, at the witness' deposition in this Proceeding, but only if counsel

who discloses "Confidential" information to the witness determines, in good faith, that such disclosure is reasonably necessary and appropriate to assist in the conduct of this Proceeding.

e. This Court, or any other Court exercising jurisdiction with respect to this litigation, Court personnel, jurors, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal of this litigation.

11. Confidential Information shall not be disclosed to a person described in Paragraph 10(c) or (d) unless and until such person has executed an Agreement of Confidentiality in substantially the form attached hereto as Exhibit A. The originals of an executed Agreement of Confidentiality shall be maintained by counsel for the party who obtained it until the final resolution of this litigation, and shall not be subject to discovery except upon motion or notice and a showing of good cause. This prohibition includes either direct or indirect disclosure, including but not limited to, any disclosure by counsel or experts. At any deposition and absent the agreement of the parties, prior to the disclosure of any Confidential Information, the deponent shall be provided a copy of the form attached hereto as Exhibit B and shall be asked to affirmatively state on the record that he or she has received the form and consents to the restrictions contained within the Protective Order, a copy of which shall be provided to the deponent.

12. The use, rules, and procedures governing the use of Confidential Information at trial shall be determined by the Court at the final pretrial conference.

13. A party may, at any time, make a good faith challenge to the propriety of a Confidential Information designation, and/or to any party's redaction (in whole or in part) of any

6

documents produced in discovery and/or filed with the Court. In the event any party objects to the designation and/or redaction of any material under this Order, the objecting party shall consult with the designating party to attempt to resolve their differences. If the parties are unable to reach an accord as to the proper designation and/or redaction of the material, the objecting party may apply to the Court for resolution. The Court will provide a prompt resolution to the dispute. Any documents designated as "Confidential" shall be treated as Confidential information until such time as the Court rules otherwise.

14. Nothing contained in this Order shall affect the right, if any, of any party or witness to make any other type of objection, claim, or other response to discovery requests, including, without limitation, interrogatories, requests for admission, requests for production of documents or questions at a deposition. Nor shall this Order be construed as a waiver by any party of any legally cognizable privileges to withhold any Confidential Information other than on a basis that it has been designated Confidential, or of any right which any party may have to assert such privilege at any stage of this litigation.

15. If another Court or an administrative agency subpoenas or orders production of stamped "Confidential" documents which a party has obtained under the terms of this Order, such party shall promptly notify the designating party of the pending of such subpoena or order.

16. Within sixty (60) business days after the final resolution of this litigation, all Confidential Information shall be returned to counsel for the party or non-party that produced it, or shall be destroyed. As to those materials that contain or reflect Confidential Information, but that constitute or reflect counsel's work product, counsel of record for the parties, or non-parties, shall be entitled to retain such work product in their files in accordance with the provisions of this Order, so long as they are clearly marked to reflect that they contain information subject to

this Order and may not be used in connection with any other proceeding or action.

17. A Supplying Party that inadvertently fails to designate discovery material as "Confidential" or mis-designates discovery material as "Confidential" pursuant to this Order at the time of its production shall be entitled to make a correction to its designation within a reasonable time of the discovery of the non- or mis-designation. Such correction and notice thereof shall be made in writing accompanied by substitute copies of each item of discovery material, appropriately designated. Those individuals who received the discovery material prior to notice of non- or mis-designation by the Supplying Party shall within five (5) days of receipt of substitute copies, take reasonable steps to destroy or return to the law firm representing Supplying Party all copies of such mis-designated documents. The obligation to treat such material pursuant to the corrected designation shall be prospective only, and those individuals who reviewed the mis-designated discovery material prior to notice of the mis-designation by the Supplying Party shall abide by the provisions of this Order with respect to all future use and disclosure of any information contained in the mis-designated materials.

18. The restrictions set forth in this Order shall not apply to documents or information designated Confidential that are publicly available or that are obtained independently and under rightful means by the Receiving Party, unless they became so due to a violation of this Order.

19. A party's compliance with the terms of this Order shall not operate as an admission that any particular document is not (1) confidential, (2) privileged, or (3) admissible in evidence at trial.

20. The parties shall attempt, subject to time constraints, to resolve disputes regarding the scope and subject of subpoenas prior to issuing the subpoena. Each party issuing subpoenas shall serve a copy of any subpoena on the opposing party at the same time such subpoena is

issued and each party receiving documents pursuant to a subpoena shall provide to the other party a complete copy of all documents received within five (5) working days of the receipt of such documents.

21.     This Order shall apply to non-parties who provide discovery, by deposition, production of documents or otherwise, in this litigation, if said non-party requests, in writing, the protection of this Order as to said non-party's Confidential Information and complies with the provisions of this Order.

22.     Upon final resolution of this litigation (including conclusion of any appeal), this Order shall remain in effect and continue to be binding, unless expressly modified, superseded, or terminated by consent of all parties or by Order of the Court.  This Court expressly retains jurisdiction over this action for enforcement of the provision of this Order following the final resolution of this litigation.

23.     This Order shall not prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modifications of this Order, subject to the approval of the Court.

24.     The Court may amend, modify, or dissolve this Protective Order at any time.

25.     Plaintiff's counsel, Richard E. Fradette, is counsel for several other terminated pharmacists against defendant Walmart alleging substantially the same claims as plaintiff herein. Counsel gives NOTICE of his intent to petition the Court to share Confidential Information with his co-counsel, experts and clients in the several other cases.  The Confidential Information would only be used in cases being prosecuted by Attorney Fradette against Walmart.

**IT IS SO ORDERED.**

**DATED April 29, 2014.**

BY THE COURT:

S/ F.A. Gossett
United States Magistrate Judge